UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM AND |
| Plaintiff, | ORDER |
| - against - | 96-CR-285 (TCP) |
| JACOB ZEDNER, | |
| Defendant. | |

-----------------------------------X

PLATT, District Judge.

      Defendant, Jacob Zedner, moves to be released on bail following the decision by the United States Supreme Court in <u>United States v. Zedner</u>, 547 U.S. ___ (June 5, 2006), reversing his convictions after a jury trial in which he was found guilty on six counts of bank fraud on the ground that the "public interest" in a speedy trial of the defendant had been violated by the many adjournments of the trial necessitated by several hearings and appeals on defendant's capacity to stand trial and that the matter had to be remanded to determine whether the indictment should be dismissed "with or without prejudice." In the interim, defendant was accorded the right to move for release on bail pending such determination and any new trial which might be ordered. On defendant's application for bail, this Court ordered a bail hearing, which was held on June 21, 2006.

At the outset of the hearing, the Government submitted a six (6) page letter, dated June 20, 2006, which was marked Government Exhibit 1.

This Court took testimony, marked and received exhibits in evidence, and heard extensive argument. The defendant did not testify but his wife, Susan (Hamel) Zedner, and her "best friend," Ms. Barbara Portney, did and proposed to tender confessions of judgment of $500,000 and a mortgage on Mrs. Zedner's two-story, three bedroom Great Neck home, which she testified was worth $850,000 and was subject to a mortgage in the amount of $150,000.

Unexplained from the start of this case on March 12, 1996, over the past ten years (except that it is consistent with the "con" skills of the defendant in all aspects of the case), is how the Federal Defenders Service has been persuaded to dedicate ten (10) years of free legal services and expenses to this defendant in this Court, the Second Circuit Court of Appeals (on more than one appeal) and the United States Supreme Court.

Not only has the defendant succeeded in this masterful piece of deception, but all these Courts and the United States Attorney's Office and the federal agencies have, also, been subject to this deception.

At the outset, the Court adopts and affirms the proposed findings and conclusions in the United States Attorney's letter dated June 20, 2006 (Exhibit 1), with the following additions and findings.

To the "serious risk of flight" category we add paragraph D on page 6, which says that the defendant, also, poses a danger to others if released, not only because he will continue to perpetrate real estate frauds, but as was the case during his period of release prior to trial, defendant may continue his pattern of assaults, resisting arrest and intent to cause physical injury with a weapon (Exhibit 1, page 5).

The Court, also, adopts the Government's statements with respect to the nature and circumstances of the crime charged (Exhibit 1, page 2) and the strength of the evidence (page 3). The Court adds, again, that the proof with respect to the skills of the defendant as a master "con" artist, which almost persuaded the jury that he was "delusional" in attempting to defraud banks in the sale of 10 million dollars worth of counterfeit bonds, was shown in that he was successful in "conning" two widows in Queens to part with their houses for "nothing" (Exhibit 1, page 3).

While at first at his bail hearing defendant "balked" at permitting his wife and her friend, Mrs. Portney, to testify, he relented and there was unfolded, before the Court, the following unlikely events which the Court was unable to credit.

    1.    The defendant was unemployed and provided no income to support his wife and school age daughter

from 1997 to 2003.

2. The defendant, his wife and daughter were living in their two story house which included three bedrooms on the second floor, a dining room, living room and kitchen on the ground floor, all on a plot in Great Neck allegedly worth $850,000. His wife had a job at Macy's at $19,000 per year.

3. When defendant was convicted and jailed for the instant offenses, Mrs. Portney sold "her house" in March 2004 at 130 East St. Mark's Place, Valley Stream, New York, for $270,000, and she "loaned" approximately $150,000 of the proceeds, at no interest, to her friend Mrs. Zedner, with no expectation of reimbursement. Mrs. Portney went to live in an apartment in Queens for $800 a month. On the last day of the hearing, pre-trial services produced Exhibits 10 and 11, which showed that the defendant used these premises as his "address" during the period from January 1997 through July 2003 with social security number 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

(Exhibit 10) and from January 1997 through August 2002 with social security number 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 (Exhibit 11).

4. When defendant's daughter matriculated at Nassau County Community College, Mrs. Portney financed a $20,000 new automobile for her to transport herself to and from college.

At the time of defendant's sentence in the summer of 2003, defendant owned the following real estate:

1. A townhouse located 11627 134th Street in South Ozone Park, New York, which had been recorded on March 11, 1985.

2. Real property at 11427 207th Street in Cambria Heights, New York, which reflected a transaction date of November 11, 1987.

3. Under the name "Jacques Delon" property located at 3 Center Drive, Amityville, New York, reflected a transaction date of October 11, 1988.

4. A single family house located at 13337 147th Street in Jamaica, New York, which reflected a transaction

date of June 28, 1999.

The defendant's pre-sentence report, also, stated that there was a second residence in his wife's name in Valley Stream. Not mentioned in the pre-sentence report is real property located at 137-11 Westgate Street, Springfield Gardens, New York, which Exhibit 12 indicates is owned by defendant with social security number 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.

At the bail hearing, defendant's wife disclaimed any knowledge of any of the foregoing properties.

In short, the presentation of testimony and evidence at the bail hearing did nothing to support defendant's claims that he did not present a risk of flight or pose a danger to the community but did show that the defendant has had a number of real estate and financial interests which he never disclosed and as to which his wife disclaims any knowledge. Accordingly, defendant's motion for release on bail is denied.

SO ORDERED.

                                              s/s Thomas C. Platt
                                       District Judge, United States District Court

Dated: Central Islip, New York
        June 22, 2006