FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 13 2006 ★
10/19/06
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,    MEMORANDUM
                              AND
              Plaintiff,       ORDER

    - against -              96-CR-285 (TCP)

JACOB ZEDNER,

              Defendant.
----------------------------------X

PLATT, District Judge.

Before the Court on remand from the United States Supreme Court is the sole issue of whether the Supreme Court's dismissal of the action against Defendant, Jacob Zedner ("Defendant"), should be with or without prejudice pursuant to 18 U.S.C. § 3162(a)(2) ("Section 3162(a)(2)"). For the reasons that follow, it is this Court's opinion that the dismissal must be without prejudice to reprosecution.

On April 4, 1996, Defendant was indicted on seven counts of attempting to defraud financial institutions, in violation of 18 U.S.C. § 1344 ("Section 1344"). Prior to trial, Defendant moved to dismiss the indictment pending against him under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. This Court denied the motion to dismiss. Following a trial by jury, Defendant was convicted of six counts of attempting to defraud financial institutions and

sentenced to 63 months of imprisonment. Defendant then appealed to the Second Circuit Court of Appeals, which, on May 8, 2005, affirmed the judgment of conviction but remanded the case for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005).[1] See United States v. Zedner, 401 F.3d 36, 43-44 (2d Cir. 2005). At issue on appeal was an adjournment at Defendant's request from January 31, 1997 to May 2, 1997 (the "1997 continuance"), in order to permit him a further opportunity to "authenticate [the] bonds." Defendant then appealed to the Supreme Court, which decided that the 1997 continuance violated the Speedy Trial Act and necessitated dismissal of the action.

I. **Applicable Legal Standard**

On remand, the Court has been asked to determine "in the first instance," 126 S. Ct. 1976 (2006), whether the dismissal should be with or without prejudice. In doing so, the Court is bound to consider the statutory factors outlined in Section 3162(a)(2). Section 3162(a)(2) states in relevant part:

---

[1] Defendant also filed an interlocutory appeal to the Second Circuit on April 28, 2001, with respect to the denial of his motion to dismiss on speedy trial grounds, an appeal from the Court's final judgment on January 26, 2004, and an appeal following resentence on October 31, 2005. As will be addressed in greater detail below, following this Court's denial of Defendant's request for bail pending dismissal, Defendant again appealed to the Second Circuit on June 28, 2006. Throughout the entirety of this case, and in spite of what the Court learned about the Defendant's financial status during the bail hearing held on June 21, 2006, (see annexed copy of Defendant's "Financial Affidavit," contradicting testimony received during said hearing), Defendant has been represented by a representative of the Federal Defender Service.

## II. Discussion

Defendant concludes that the factors laid out in Section 3162(a)(2) favor dismissal of the indictment with prejudice. In particular, Defendant argues that the offense is not serious as there was no actual loss and the offense did not involve violence.[2] (Def.'s Mem. at 10-12). Next, Defendant points to the circumstances leading to dismissal. According to the Defendant, the dismissal was both the fault of this Court and the government. First, the Court erred by granting Defendant's request for a 91-day continuance by way of Speedy Trial Waiver, and second, the Government erred by failing "to remind the Court the such a waiver was unenforceable under United States v. Gambino." (Def's Mem. at 12). The Defendant goes on to argue that administrative concerns and the impact of re-prosecution favor dismissal with prejudice. Defendant argues that notwithstanding the unexcluded delay of 91-days at issue in this case, ten years have passed between the original arrest and indictment and potential re-indictment and re-prosecution, and that allowing a re-prosecution after this time, "would foster a disregard for the Act." (Def.'s Mem. at 14). Finally, the Defendant claims

---

2. Defendant supports his argument that the offense was not serious by stating that "[t]he bonds were so obviously bogus that, without exception, every witness who testified for the financial institutions at trial indicated that they never would have given Mr. Zedner any money" (Def.'s Mem. at 11).

-4-

that re-prosecution would cause considerable prejudice to the Defendant as the witnesses' memories are not as fresh today as they would have been in 1997. Furthermore, because a central issue in the trial was Defendant's mental state, and ten years have passed since the trial date, it will be "difficult if not impossible for the jury to assess Mr. Zedner's mental state" on the date of the crime. (Def.'s Mot. at 14).

The Government argues that despite Defendant's contentions that the "bonds were obviously bogus" the offense, a Class B felony, was serious as it carried a thirty year prison term and the potential loss was severe. (Govt.'s Opp. at 4-5). Next, the Government argues that the facts and circumstances leading to dismissal weigh in favor of a dismissal without prejudice because the delay was not caused by the Government – it was Defendant who requested the delay because he wanted time to authenticate the bonds and further prepare for trial. (Govt. Opp. at 5-6). In addition, the Government argues that the 91-days would have been excludable under Section 3161(h)(8)(A). (Govt. Opp. at 6). Moreover, in light of the short length of the delay and the fact that it was the Defendant who caused the delay, the Government argues that it would be a miscarriage of justice to dismiss the indictment with prejudice. (Govt. Opp. at 7). Finally, as the delay was for the purpose of assisting in his own defense and preparation for trial, the

Defendant cannot show prejudice by the 91-day delay. (Govt. Opp. at 7).

In light of the statutory factors set forth in Section 3162(a)(2), which favor dismissal of the indictment without prejudice, and this Court's finding that prejudice to the Defendant, if any, does not weigh in favor of a dismissal without prejudice, this Court concludes that Defendant's motion to dismiss the indictment with prejudice should be **DENIED.**

### A. Seriousness of the Offense

When an indictment charges a serious offense, a court is more likely to rule in favor of a dismissal without prejudice. United States v. Kiszewski, 877 F.2d 210, 214 (2d Cir. 1989); United States v. Mancuso, 302 F. Supp. 2d 23, 26 (E.D.N.Y. 2004). This factor generally focuses on the charge rather than the strength of the case against the defendant. Mancuso, 302 F. Supp. 2d at 26 n.1. Offenses held to be "serious" include: impersonating a federal officer, United States v. Wells, 893 F.2d 535, 538 (2d Cir. 1990); fraudulently preparing and signing checks and then transporting them across state lines, Mancuso, 302 F. Supp. 2d at 26; making false statements to the court, Kiszewski, 877 F.2d at 213; and dealing in and conspiring to deal narcotics, United States v. Giambrone, 920 F.2d 176, 181 (2d Cir. 1990).

A court's conclusion that an offense is serious, however, is not

certainly indicates that Court viewed the offense as serious. See United States v. Kiszewski, 877 F.2d 210, 214 (2d Cir. 1989) (finding that district court's imposition of a five year sentence of imprisonment reflected court's opinion of the seriousness of the crime charged). Thus, this factor weighs in favor of a dismissal without prejudice.

### B. Facts and Circumstances of the Case which led to the Dismissal

In considering this second statutory factor, courts consider, inter alia,[3] the length of the delay. When the crime charged is a serious offense, a dismissal with prejudice should ordinarily be imposed only because of serious delay. United States v. Simmons, 786 F.2d 479, 487 (2d Cir. 1986). In this Circuit, time periods ranging from fourteen non-excludable days after the seventy day indictment-to-trial period to three years between defendant's arrest and indictment have constituted serious delay. See, e.g., United States v. Hernandez, 863 F.2d 239, 244 (2d Cir. 1988); Mancuso, 302 F. Supp. 2d at 27. Nonetheless, a serious non-excludable delay alone "falls short of being dispositive" if there are "countervailing factors justifying the delay." Mancuso, 302 F. Supp. 2d at 28; see

---

3. Other facts and circumstances that may lead to a dismissal with prejudice include: (i) a "demonstrably lackadaisical attitude" by the Government, Giambrone, 920 F.2d at 180; (ii) a "pattern of dilatory practices" or neglect, id.; Kiszewski, 877 F.2d at 214; or (iii) evidence of bad faith, Kiszewski, 877 F.2d at 214.

also Kiszewski, 877 F.2d at 214 (holding that even though the period of delay was serious, as much as 130 days, that factor alone was not enough to overturn the district court's ruling to dismiss without prejudice because "the bulk of the delay was . . . caused by unusual circumstances."); United States v. Wilson, 11 F.3d 346, 353 (2d Cir. 1993) (where the unexcludable delay for defendants were forty-two, fourteen, and thirty-one days, respectively, the Court upheld a dismissal without prejudice because defendants had not demonstrated prejudice and had consented to the delays).

Here, the Supreme Court did not take issue with the more than seven year period between Defendant's indictment and trial, which incidentally, this Court attributes to Defendant's skills as a master con-man. See Memorandum and Order, dated Oct. 27, 2005 (Docket Entry # 194); Memorandum and Order, dated June 22, 2006 (Docket Entry #202). Instead, the Supreme Court focused on the ninety-one days that comprise the 1997 continuance. Accordingly, the Court's analysis of the length of the delay is limited to this ninety-one day period.

Initially, the Court notes that the delay at issue was twenty-one days beyond the statutorily allotted time of seventy unexcluded days in which a defendant must be tried. The Second Circuit has held that periods of delay shorter than that at issue here were serious. See, e.g., United States v. Hernandez, 863

F.2d 239, 244 (2d Cir. 1988). Thus, this Court is constrained to hold that the period of delay was serious. Nevertheless, there are numerous "countervailing factors justifying the delay," which prevent the Court from concluding that this factor weighs in favor of a dismissal with prejudice. See Mancuso, 302 F. Supp. 2d at 28.

First, it is undisputed that the 1997 continuance was granted by the Court following a request by Defendant's counsel for additional time to "authenticate the bonds." Defendant requested and consented to this delay, even after the Court explained that if the Court granted Defendant's request that it may have been unable to give Defendant a trial at any earlier date in light of another pending matter. See United States v. Wilson, 11 F.3d 346, 353 (2d Cir. 1993) (defendants who had consented to delays "cannot now complain that they were harmed by them."). In short, the facts and circumstances of this case make clear that any delay from Defendant's indictment to trial was occasioned by the Defendant.

Moreover, there has been no allegation here that the delay was due to some disregard or neglect of Defendant's rights under the Speedy Trial Act by the government or that the United States Attorney's Office has engaged in a pattern of dilatory practices with respect to such rights. See Giambrone, 920 F.2d

at 176-8, 182 (noting that the government's unintentional disregard and neglect of their responsibilities under the Speedy Trial Act required dismissal with prejudice). Similarly, there has been no allegation or evidence of bad faith on the part of the government. See Kiszewski, 877 F.2d at 214.

Furthermore, the Second Circuit has found that where the error is "non-compliance with a procedural requirement . . . the only reasonable disposition under these circumstances is dismissal without prejudice." United States v. Tunnessen, 763 F.2d 74, 79-80 (2d Cir. 1985) (remanding and instructing the district court to dismiss without prejudice because the Second Circuit had not clearly set out the procedural rule for ends of justice exclusions). In the instant case, this Court failed to state on the record that an exclusion of the time comprising the 1997 continuance would serve the ends of justice and was in the public interest. This failure amounts to nothing more than non-compliance with a procedural requirement of the Speedy Trial Act. In fact, the Supreme Court did not take issue with the Second Circuit's conclusion in affirming the judgment of conviction that had these magic words been uttered by the Court that the adjournment would have been properly excludable. United States v. Zedner, 401 F.3d 36, 45 (2d Cir. 2005). Accordingly, this consideration further supports this Court's decision to dismiss the indictment without prejudice.

### C. Impact of a Reprosecution on the Administration of this Chapter and on the Administration of Justice

The third statutory factor requires the Court to undertake an analysis of the impact of a reprosecution on the administration of justice, generally, and the administration of the Speedy Trial Act, particularly. Courts have recognized that "a pattern of disregard for the responsibility to bring criminal cases to trial expeditiously has the potential for nullifying the requirements of the [Speedy Trial] Act." Giambrone, 920 F.2d at 180-81. In addition, such a pattern of disregard may adversely affect the administration of justice in that delays may lead to the loss of important evidence and repetitive prosecutions on the same charges cause wasteful replication of effort. Id.

On the other hand, courts have also recognized that permitting reprosecution in the face of a serious offense and a lack of bad faith or neglect by the government, may have a favorable impact upon the administration of justice. Kiszewski, 877 F.2d 210, 214 (2d Cir. 1989). Moreover, a dismissal without prejudice is "not a toothless sanction," United States v. Taylor, 487 U.S. 326, 342 (1988), as the government must still take steps to prepare for and obtain an indictment against the Defendant.

With respect to the 1997 continuance, again, it is undisputed that

the adjournment was granted at Defendant's request. It is this Court's opinion it would be contrary to the administration of justice and the purposes of the Speedy Trial Act to grant an adjournment at the Defendant's request, which the appellate courts agreed would have been properly excludable under 18 U.S.C. § 3161(h)(8) had the Court uttered "ends of justice" and "public interest," and then, to grant a dismissal with prejudice on account of the delay occasioned by that request.

For these reasons, as well as the other reasons stated above, the Court concludes that this factor similarly weighs in favor of a dismissal without prejudice.

### D.      Prejudice to Defendant

As the period of delay lengthens, there is a greater likelihood of a presumption of prejudice to the defendant "in terms of his ability to prepare for trial or the restrictions on his liberty." Giambrone, 920 F.2d 176, 180 (2d Cir. 1990); Mancuso, 302 F. Supp. 2d at 32. Where a defendant is able to demonstrate prejudice by way of a loss of evidence, a court may decide that a dismissal with prejudice is warranted. Mancuso, 302 F. Supp. 2d at 33-34.

Here, the Defendant cannot establish prejudice resulting from the 91-day unexcluded delay in light of the fact that the 1997 continuance was at his request to establish a defense to the charges against him and all of the other

-13-

continuances were to establish Defendant's competence to stand trial and to enable him to prepare for trial.

## **CONCLUSION**

For the foregoing reasons, the dismissal herein is granted without prejudice to reprosecution.

SO ORDERED.

_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       October 13, 2006

# FINANCIAL AFFIDAVIT

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA 23
REV. 1/90

IN UNITED STATES ☒ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below)
IN THE CASE OF _____ VS. _____
FOR _____ AT _____

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
[illegible] 1996
P.M.

PERSON REPRESENTED (Show your full name): ZEDNER, JACOB

1. ☒ Defendant—Adult
2. ☐ Defendant—Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Parole Violator
6. ☐ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☐ Other (Specify)

CHARGE/OFFENSE (describe if applicable & check box →) ☒ Felony ☐ Misdemeanor

LOCATION NUMBER: _____

DOCKET NUMBERS
Magistrate: 96 m 371
District Court: _____
Court of Appeals: _____

## ASSETS

**EMPLOYMENT**
Are you now employed? ☐ Yes ☒ No ☐ Am Self Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $ _____
IF NO, give month and year of last employment 1992 - How much did you earn per month $ 18,000
If married is your Spouse employed? ☐ Yes ☒ No
IF YES, how much does your Spouse earn per month $ _____
If a minor under age 21, what is your Parents or Guardian's approximate monthly income $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES
RECEIVED $ _____ SOURCES _____

**CASH**
Have you any cash on hand or money in savings or checking account ☐ Yes ☒ No IF YES, state total amount $ _____

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No
IF YES, GIVE VALUE AND DESCRIBE IT
VALUE _____ DESCRIPTION _____

## OBLIGATIONS & DEBTS

**DEPENDENTS**
MARITAL STATUS:
☐ SINGLE
☒ MARRIED
☐ WIDOWED
☐ SEPARATED OR DIVORCED
Total No. of Dependents: 2
List persons you actually support and your relationship to them:
Susan - wife
Natalie - Daughter

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME | Creditors | Total Debt | Monthly Payt. |
|---|---|---|---|
| | Various Credit Cards | $25,000 | $200.00 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ #3 |

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶
I certify the above to be correct.
[signature] 3/12/96

WARNING: A FALSE OR DISHONEST ANSWER TO A QUESTION IN THIS AFFIDAVIT MAY BE PUNISHABLE BY FINE OR [illegible]